■ EUGENE T. MATTHEWS, Respondent, v. HARRY P. EMERY, Appellant, et al., Defendant.— Judgment of the Supreme Court, Queens County, dated April 29, 1968, modified, on the law and the facts, by deleting from the sixth decretal paragraph the words "and an additional allowance of 5% as provided in Section 8303 of the CPLR". As so modified, judgment affirmed, with costs to respondent against appellant. In our opinion, under the circumstances herein, the granting of an additional allowance under CPLR 8303 (subd. [a], par. 3) was an improvident exercise of discretion. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ DAVID MEYEROWITZ & SON, INC., Respondent, v. 61 GREENPOINT AVE., INC., et al., Appellants.— In an action brought pursuant to article 6 of the Real Property Actions and Proceedings Law to recover possession of real property, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, dated May 23, 1968, as, upon plaintiff's motion for summary judgment, adjudged that defendants were the owners of a bridge and passageway which encroached over plaintiff's property and directed defendants to forthwith remove said bridge and passageway from plaintiff's property at defendants' expense. Judgment modified, on the law and facts, by striking out the second, fourth and fifth decretal paragraphs thereof. As so modified, judgment affirmed, with costs to appellants. In our opinion, the Special Term correctly adjudged that defendants and persons claiming title or possession under them were excluded from the use, occupancy or possession of that portion of the bridge and passageway which encroached over plaintiff's property; and properly directed defendants to forthwith cease and desist from the use and occupancy of said portion of the bridge and passageway. However, in our view the proof adduced was insufficient to show who owned the structure, particularly that portion thereof which is over plaintiff's property. In consequence, no obligation was imposed upon defendants to remove the structure; and relief in this respect should not have been summarily granted. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ OLD DUTCH LANDS, INC., Appellant-Respondent, v. CITY OF NEW YORK et al., Respondents, and ERNEST CARMAN et al., Respondents-Appellants, et al., Defendants.— Judgment and order (one paper) of the Supreme Court, Kings County, dated January 12, 1968, modified, on the law, by striking out that portion of the second decretal paragraph which dismissed the amended complaint on the merits (cf. *Cahill* v. *Regan*, 4 A D 2d 328, affd. 5 N Y 2d 292; *New York Cent. R. R. Co.* v. *Lefkowitz*, 28 A D 2d 735, affd. 23 N Y 2d 1). As so modified, judgment and order affirmed, on the opinion of the Justice at Special Term (*Old Dutch Lands* v. *City of New York*, 55 Misc 2d 384), with a separate bill of costs to respondents filing separate briefs against appellant-respondent. Six orders of the same court dated April 17, 1968 affirmed, without costs. No opinion. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.